Shanon J. Carson
scarson@bm.net
Arthur Stock
astock@bm.net
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone:  215-875-3000
Facsimile:  215-875-4604

Daniel M. Hutchinson (State Bar No. 239458)
dhutchinson@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

*Attorneys for Plaintiff*
*REBECCA RUBENSTEIN individually and on behalf of*
*all others similarly situated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA RUBENSTEIN individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LOANDEPOT.COM, LLC,<br><br>Defendant. | Case No.  5:16-cv-5588<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

Plaintiff, Rebecca Rubenstein ("Plaintiff"), individually and on behalf of all other persons similarly situated, by and through the undersigned counsel, hereby submits this Class Action Complaint and Jury Demand against Loandepot.com, LLC ("Defendant" or "Loandepot") for damages, injunctive relief, equitable relief, and any other relief deemed just and proper arising from Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, the Federal Communication Commission rules promulgated thereunder, 47 C.F.R. § 64.1200 ("Rules"), and California Business & Professions Code §§ 17200, *et seq.*, the Unfair

1    Competition Law ("UCL").

2                              **NATURE OF CASE**

3          1.     Plaintiff brings this Class Action Complaint against Defendant to seek redress for

4    Defendant's willful and statutory violations of the TCPA, the Rules, and the UCL, by placing

5    phone calls to Plaintiff's and other class members' cellular telephones through the use of an

6    "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1),[1] and by

7    using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without their

8    prior express consent within the meaning of the TCPA.

9          2.     Defendant placed numerous unauthorized phone calls to Plaintiff's cellular

10   telephone with the aid of an ATDS and an artificial or prerecorded voice for the purpose of

11   soliciting and marketing its business to Plaintiff.

12                         **JURISDICTION AND VENUE**

13         3.     This Court has original federal question and subject matter jurisdiction pursuant to

14   28 U.S.C. § 1331 and 47 U.S.C. § 227, *et seq*., and the Class Action Fairness Act of 2005, 28

15   U.S.C. § 1332(d). Plaintiff alleges and believes this action occurs under the laws of the United

16   States, and that:  (i) there are 100 or more class members; (ii) the amount in controversy exceeds

17   the sum or value of $5,000,000, exclusive of interest and costs; and (iii) at least one member of

18   the Plaintiff class is from a different state than the Defendant.

19         4.     Venue is proper under 28 U.S.C. § 1391 inasmuch as a substantial part of the

20   events or omissions giving rise to the claims occurred in this district.

21         5.     At all times herein mentioned, Defendant conducted, and continues to conduct, a

22   substantial amount of business activity and violated the TCPA, Rules, and UCL, in whole or in

23   part, in this judicial district. Defendant is registered to conduct business in this district.

24   Defendant engaged in interstate commerce when it called, or attempted to call, Plaintiff and Class

25   members, when it advertised and promoted its business, and when it derived substantial revenue

26

27   [1] An automatic telephone dialing system is statutorily defined as "equipment which has the
     capacity (A) to store or produce telephone numbers to be called, using a random or sequential
28   number generator and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

1   in this district. Defendant has therefore established minimum contacts showing it has purposefully

2   availed itself to the resources and protection of the State of California.

3                                   **PARTIES**

4           6.      Plaintiff Rebecca Rubenstein is a citizen of the State of California, who resides in

5   Mountain View, Santa Clara County, California.

6           7.      Defendant Loandepot.com, LLC is a Delaware corporation with its principal place

7   of business at 26642 Towne Centre Drive, Foothill Ranch, CA 92610.

8           8.      Whenever in this Complaint it is alleged that a Defendant committed any act or

9   omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or

10  employees committed such act or omission and that at the time such act or omission was

11  committed, it was done with the actual or apparent authority, ratification or approval of a

12  Defendant, or was done in the routine normal course and scope of employment of the Defendant's

13  officers, directors, vice-principals, agents, servants, or employees.

14                          **LEGAL BASIS FOR COMPLAINT**

15          9.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the

16  telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing…can

17  be an intrusive invasion of privacy…" Telephone Consumer Protection Act of 1991, Pub. L. No.

18  102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

19          10.     The TCPA restricts telephone solicitations (*i.e.*, telemarketing) and the use of

20  automated telephone equipment, or "autodialers."  Specifically, the plain language of section

21  227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the

22  absence of an emergency or the prior express consent of the called party.[2]

23          11.     According to findings by the FCC, the agency Congress vested with authority to

24  issue regulations implementing the TCPA, such calls are prohibited because, as Congress found,

25  automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live

26  solicitation calls, and such calls can be costly and inconvenient.[3]  The FCC also recognized that

27  ────────────────
    [2] 47 U.S.C. § 227(b)(1)(A)(iii).

28  [3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG
                                                          *Footnote continued on next page*

1    wireless customers are charged for incoming calls whether they pay in advance or after the

2    minutes are used.[4]

3          12.    While telemarketing calls to residential lines were, at one point, exempted where

4    there existed an "established business relationship," no such exemption applies to telemarketing

5    calls to cellular phones. *See* 47 C.F.R. § 64.1200(f)(5).

6          13.    FCC regulations governing the TCPA, effective October 16, 2013, eliminated the

7    established business relationship exemption. Therefore, all prerecorded and ATDS telemarketing

8    calls to wireless numbers violate the TCPA if the calling party does not first obtain prior express

9    written consent from the called party.  The FCC has defined prior express consent in 47 C.F.R.

10   § 64.1200(f)(8) as "an agreement, in writing, bearing the signature of the person called that

11   clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements

12   or telemarketing messages using an automatic telephone dialing system or an artificial or

13   prerecorded voice, and the telephone number to which the signatory authorizes such

14   advertisements or telemarketing messages to be delivered."[5]

15         14.    Under the TCPA and pursuant to the FCC's Declaratory Ruling, the burden is on

16   the calling party to demonstrate prior express consent within the meaning of the statute.[6]

17         15.    Regardless of whether there exists prior express consent, the FCC rules allow

18   consumers to make "do-not-call" requests that companies must track in internal do-not-call lists.

19   C.F.R. § 64.1200(c); 16 C.F.R. § 310.4(b)(1)(iii)(B). Telemarketers must provide consumers with

20   an automated opt-out mechanism that "must automatically record the called person's number to

21   the seller's do-not-call list and immediately terminate the call."[7] This mechanism was enacted to

22

23   _____

24   *Footnote continued from previous page*
     Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
     [4] *Id.*

25   [5] 47 C.F.R. § 64.1200(f)(8).

26   [6] *See* 2012 Declaratory Ruling, *In the Matter of Rules and Regulations Implementing the*
     *Telephone Consumer Protection Act of 1991* ("2012 FCC Declaratory Ruling"), 27 F.C.C.R.

27   1830, 1844, 27 FCC Rcd. 1830, 55 Communications Reg. (P&F) 356, 2012 WL 507959 (Feb, 15,
     2012), at ¶ 33.

28   [7] 47 C.F.R. 64.1200(b)(3).

empower consumers to "stop receipt of unwanted autodialed or prerecorded telemarketing calls to which they never consented."[8]

16.     On May 9, 2013, the FCC released a Declaratory Ruling holding that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of . . . section 227(b) . . . that are committed by third-party telemarketers."[9]  Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

17.     Defendant has contacted Plaintiff and Class members on their cellular telephones without their prior express written consent within the meaning of the TCPA.

### COMMON FACTUAL BACKGROUND

18.     Defendant is a home mortgage and loan refinancing company. Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

19.     Defendant contacts individuals using an ATDS and leaves prerecorded robotic messages that instruct individuals how to complete their presumed loan application approval process or to opt out of the calls.

20.     Regardless of the purported ability to opt out of these solicitations, the attempted contact is persistent. Following the message's opt-out instruction does not remove the phone number from Defendant's internal Do Not Call list or similar database of individuals not to contact.

21.     Further, in order to induce individuals to be responsive to their solicitations, Defendant often disguises the phone calls' origination by using "spoofing" methods that make the phone call appear as if it comes from a local phone number.

---

[8] Telephone Consumer Protection Act of 1991, Final Rule, 77 Fed. Reg. 34233, 34239 (June 11, 2012).

[9] *In the Matter of The Joint Petition Filed by DISH Network, LLC, the United States of America, and the States of California, Illinois, North Carolina, and Ohio for Declaratory Ruling Concerning the Telephone Consumer Protection Act (TCPA) Rules, et al.*, 28 F.C.C.R. 6574, 6574 (¶ 1) (2013).

### FACTUAL BACKGROUND OF PLAINTIFF REBECCA RUBENSTEIN

22.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

23.     Defendant contacted Plaintiff through automated calls on her cell phone via the use of an ATDS and used "an artificial or prerecorded voice" multiple times without first obtaining Plaintiff's prior express written consent.

24.     Plaintiff received the phone calls and voicemails as described herein on her current cell phone, assigned a phone number ending in 0693.

25.     Plaintiff is the regular carrier and exclusive user of the cellular telephone that is assigned a phone number ending in 0693.

26.     Defendant contacted Plaintiff at least ten times beginning on or around June 22, 2015 through at least August 1, 2016.  On August 1, 2016 Plaintiff received two calls within eight minutes of each other.

27.     Because Defendant used various phone numbers to place calls to Plaintiff, concealed the numbers used by listing them as "unknown," and left voicemails with only dead-air noise, Plaintiff is unaware of the precise number of calls initiated by Defendant.

28.     Plaintiff never attempted to conduct business with Defendant in any manner. Plaintiff therefore never provided her phone number, let alone her prior express written consent, to Defendant.

29.     Plaintiff is unaware how Defendant obtained her contact information.

30.     Further, Plaintiff has literally no reason to engage in business with Defendant due to the facts Plaintiff does not own any property and is not presently in the process of purchasing any property that would require financing.

31.     Defendant continued to call Plaintiff on her cell phone despite her request to "opt-out" of receiving further telemarketing calls via the mandatory automated opt-out mechanism, in violation of 47 C.F.R. 64.1200(b). Although Plaintiff wanted the calls from Defendant to cease, Plaintiff's numerous attempts to stop the calls or convey her desire to stop the calls from Defendant were fruitless.

1      32.      Plaintiff understood the phone calls' purpose was to solicit business from her and

2   market Defendant's services to her.

3      33.      Defendant's phone calls were not for emergency purposes, as defined by 47 U.S.C.

4   § 227(b)(1)(A)(iii).

5      34.      Plaintiff did not provide Defendant prior express written consent to receive calls to

6   his cellular telephone utilizing an ATDS or artificial or prerecorded voice, pursuant to 47 U.S.C.

7   § 227 (b)(1)(A).

8      35.      The phone calls Defendant made to Plaintiff violate 47 U.S.C. § 227(b).

9      36.      On information and belief, Defendant has made, and continues to attempt to make,

10   phone calls to thousands of wireless telephone customers to market its products and services

11   without the prior express written consent required by the TCPA.

12      37.      In order to redress injuries caused by Defendant's violations of the TCPA, Rules,

13   and UCL, Plaintiff, on behalf of herself and a class of similarly situated individuals, brings suit

14   under the TCPA, 47 U.S.C. § 227, *et seq*., and UCL.

15      38.      On behalf of the Plaintiff Class, Plaintiff seeks an injunction requiring Defendant

16   to cease all wireless telemarketing and spam activities and an award of statutory damages to Class

17   members, together with costs and reasonable attorneys' fees.

18                          **CLASS ACTION ALLEGATIONS**

19      39.      Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a),

20   (b)(2), and (b)(3) on behalf of herself and the following class defined as follows (the "Class"):

21           All individuals in the United States who received phone calls sent
             by or on behalf of Defendant to the individual's cellular telephone
22           through the use of an automatic telephone dialing system and/or an
             artificial or prerecorded voice, from October 13, 2013 to the date
23           the Class is certified, where Defendant's contacted individuals that
             did not provide prior express written consent.
24

25      40.      The following individuals are excluded from the Class: (1) any Judge or

26   Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's

27   subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents

28   have a controlling interest, and its current or former employees, officers, and directors; (3)

1  Plaintiff's counsel and Defendant's counsel; (4) persons who properly execute and file a timely

2  request for exclusion from the Class; (5) the legal representatives, successors or assigns of any

3  such excluded persons; and (6) persons whose claims against Defendant have been fully and

4  finally adjudicated and/or released.

5       41.    This suit seeks only damages, statutory penalties, and injunctive relief for recovery

6  of economic injury on behalf of the Class, and it expressly is not intended to request any recovery

7  for personal injury and claims related thereto.

8       42.    Plaintiff reserves the right to expand the Class definition to seek recovery on

9  behalf of additional persons as warranted as facts are learned in further investigation and

10  discovery.

11       43.    Plaintiff and members of the Class were harmed by Defendant's acts in at least the

12  following ways: Defendant, either directly or through agents, illegally contacted Plaintiff and

13  Class members via their cellular telephones by using an ATDS and an artificial or prerecorded

14  voice, thereby invading the privacy of Plaintiff and Class members, subjecting Plaintiff and Class

15  members to annoying and harassing calls that constitute a nuisance, and causing Plaintiff and

16  Class members to incur certain cellular telephone charges or reduce cellular telephone time for

17  which Plaintiff and Class members previously paid.

18       44.    Plaintiff also proposes a subclass consisting of all Class members who are

19  residents of California (hereafter "the California Subclass"). Plaintiff represents, and is a member

20  of, the California Subclass. In this Complaint, all references to "the Class" apply likewise to the

21  California Subclass, unless otherwise specified

22                                          **Numerosity**

23       45.    The exact size of the Class is unknown and not available to Plaintiff at this time,

24  but it is clear individual joinder is impracticable.

25       46.    On information and belief, Defendant placed phone calls to thousands of

26  consumers who fall into the definition of the Class. Members of the Class can be easily identified

27  through Defendant's records.

28

**Commonality**

47.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class.

48.     Common questions for the Class include, but are not necessarily limited to the following:

a.     Whether Defendant placed non-emergency phone calls to Class members' cellular telephones after October 16, 2013 using any automatic dialing system or artificial or prerecorded voice;

b.     Whether Defendant can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), to make such calls

c.     Whether Defendant's conduct violated the TCPA;

d.     Whether Class members are entitled to treble damages based on the willful and/or knowing nature of Defendant's conduct; and

e.     Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

**Typicality**

49.     Plaintiff's claims are typical of the claims of the other members of the Class.

50.     Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

**Adequacy of Representation**

51.     Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions involving violations of federal and state consumer protection statutes, including claims under the TCPA and UCL.

52.     Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

**Superiority**

53.     This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.  Classwide relief is essential to compel Defendant to comply with the TCPA and UCL.

54.     The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

55.     Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct.

56.     Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

57.     By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

58.     Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA, Rules, and UCL violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

<u>**CLAIMS FOR RELIEF**</u>

<u>**COUNT I**</u>

**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*)**

59.     Plaintiff re-alleges each and every allegation of this Complaint contained in each of the previous paragraphs inclusive as if more fully set forth herein.

60.     Defendant placed phone calls using an ATDS and prerecorded or artificial voice to Plaintiff's and Class members' cellular telephones for the purpose of marketing products and/or services to Plaintiff and Class members.

61.     Defendant placed the phone calls without prior express written consent of Plaintiff and Class members.

62.     Defendant's acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

63.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class are entitled to damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

64.     Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.  Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## <u>COUNT II</u>

### (Violations of California's Unfair Competition Law, Cal. Bus. & Prof Code Section 17200, *et seq.*)

65.     Plaintiff re-alleges each and every allegation of this Complaint contained in each of the previous paragraphs inclusive as if more fully set forth herein.

66.     Defendant's practice of making telephone calls to Plaintiff and members of the Subclass on their cellular telephones via an "automatic telephone dialing system" and using "an artificial or prerecorded voice" without their "prior express written consent" violates 47 U.S.C. § 227 *et seq.* and the Rules promulgated thereunder.

67.     Defendant's conduct described herein violates Cal. Bus & Prof. Code § 17200 *et seq.* (the "UCL") in the following respects:

        a.     Defendant's utilization of automated and predictive dialing techniques that harassed Plaintiff and members of the Class is unlawful and a violation of the UCL.

1            b.       Each of Defendant's violations of the TCPA and Rules constitute a

2 separate and independent violation of the UCL because such conduct was illegal and unfair

3 competition within the meaning of the UCL.

4          68.      The harm to Plaintiff and the Subclass arising from Defendant's illegal practices

5 outweighs the utility, if any, of those practices.

6          69.      The illegal business practices of Defendant are immoral, unethical, oppressive,

7 unscrupulous, and/or substantially injurious to Plaintiff and members of the Class.

8          70.      Unless restrained by this Court, Defendant will continue to engage in the illegal

9 acts and practices alleged above.

10         71.      Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff and the Subclass are

11 therefore entitled to:

12            a.       an Order requiring Defendant to cease the unlawful acts alleged herein; and

13            b.       payment of their attorneys' fees and costs pursuant to, *inter alia*, Cal. Code

14 Civ. Proc. § 1021.5.

15                           **PRAYER FOR RELIEF**

16       WHEREFORE, Plaintiff individually and on behalf of the Plaintiff Class demands

17 judgment against Defendant on each of the above- referenced claims as follows:

18            a.       An order certifying this matter as a class action pursuant to Federal Rule of

19 Civil Procedure 23 with Plaintiff as Class Representative;

20            b.       An order designating Berger & Montague, P.C., and Lieff, Cabraser,

21 Heimann & Bernstein, LLP, as Class Counsel;

22            c.       An award of actual and statutory damages of $500 for each and every

23 statutory violation to each member of the Class pursuant to 47 U.S.C. § 227(b)(3)(B);

24            d.       An award of actual and statutory damages of up to $1,500 for each and

25 every willful/and or knowing violation to each member of the Class pursuant to 47 U.S.C.

26 § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

27            e.       Injunctive relief prohibiting such violations of the TCPA, Rules, and the

28 UCL by Defendant in the future;

1                f.        Pre-judgment interest on monetary relief;

2                g.       Post-judgment interest on monetary relief;

3                h.       An award of reasonable attorneys' fees and court costs in this action; and

4                i.        All other and further relief as the Court deems necessary, just, and proper.

5  **JURY DEMAND**

6        Plaintiff requests a trial by jury on all issues so triable.

7

8  Dated: September 30, 2016           Respectfully submitted,

9                               LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

10

11                               By:*/s/ Daniel M. Hutchinson*
12                                  Daniel M. Hutchinson

13                               LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                             Daniel M. Hutchinson (State Bar No. 239458)
14                               Email:  dhutchinson@lchb.com
                             275 Battery Street, 29th Floor
15                               San Francisco, California  94111-3339
                             Telephone:  (415) 956-1000
16                               Facsimile:  (415) 956-1008

17                               BERGER & MONTAGUE, P.C.
                             Shanon J. Carson
18                               Email:  scarson@bm.net
                             Arthur Stock
19                               Email:  astock@bm.net
                             1622 Locust Street
20                               Philadelphia, PA 19103
                             Telephone:  (215) 875-3000
21                               Facsimile:  215-875-4604

22                               *Attorneys for Plaintiff*
                             *REBECCA RUBENSTEIN individually and on behalf of*
23                               *all others similarly situated*

24

25

26

27

28